Case number 17-1003. Main Council of the Atlantic Seamen Federation et al. Petitioners v. Federal Injury and Deployment Authority Commission. Mr. Pierce for Petitioners, Ms. Rylander for Respondent FERC, Mr. McArdle for Respondent Department of Crime. Good morning. May it please the Court, I'm Russell Pierce. This case is a petition for review by four conservation groups, the petitioners, in the State of Maine. The petition for review is challenging the biological opinion, and specifically the no jeopardy finding of a biological opinion issued by the National Marine Fisheries Service with respect to a license amendment proceeding before the Federal Energy Regulatory Commission. The listed species under the Endangered Species Act, which is the subject of the biological opinion, is the Gulf of Maine distinct population segment of Atlantic salmon. And the biological opinion specifically addresses the Kennebec River. The problem that was before the service in this Section 7 consultation is that there are four hydropower projects on the Kennebec River, beginning at the city of Waterville, upriver from the Head of Tide. These four projects completely impede the sea run migration of the Atlantic salmon. And the critical component of the recovery and survival analysis for this species is that... Did you raise these challenges in the petition for re-hearing with FERC specifically? We contend that we did. How so? At the time of the application for re-hearing, we had pending in the District Court, in fact, by that time it was with the First Circuit, a direct challenge to the biological opinion under the Administrative Procedures Act. We had been relying at that time on authorities such as Dow AgriSciences that appeared to allow a direct challenge to a biological opinion before the Federal Action Agency, the Commission, issues an order. Ultimately, the First Circuit upheld the dismissal for lack of jurisdiction on the Section 825 LB exclusive jurisdiction provision. And is your argument that because you made clear the nature of your challenge in that litigation, that therefore you didn't need to raise it specifically before FERC? Well, what we did before... Because the problem here is that the Commission cannot change the biological opinion. And so if the challenge is to the no jeopardy finding to the biological opinion, the Commission can't alter any aspect of the final agency action of the service. I didn't actually read that argument in your brief. That's the reason why there's jurisdiction there. I thought your argument was you had raised it in the District Court and in the First Circuit, and you can interpret certain words that Justice Souter said in his opinion as giving you the right to continue to raise it, and that constitutes reasonable cause. But this argument that they had no choice but to follow the buy-off, I don't see that argument. Is this something you're making now? No, it really was addressed in our reply where we were discussing the Save the Sebastacook reasonable grounds. Because if we turn directly to the statute, Section 825 LB exclusive jurisdiction statute, the requirement is that the objecting party urge on the Commission the objection. We contend that we did, in fact, do that. When we were making objections and comments to the license order, we submitted our full, complete District Court petition as an annex to our objection and said this is our challenge. All of these issues are our challenge to the biological opinion. The Commission then issued its order amending license not addressing any of those challenges. Our application for rehearing them requested, again, made note of the fact that we had objected to the petition, that there was a pending direct review action in the District Court, and asking on application for rehearing, we asked the Commission to defer ruling until in the event that the District Court took jurisdiction over our direct action. In that context, we were, again, urging upon the Commission our objections to the biological opinion. Why not just ask the Commission to also... You did challenge the biological opinion for the agency, right? Your comments challenged that. Yes. On reconsideration, you asked them to reconsider their deferring to it. Why didn't you also ask them to reconsider the validity of the biological opinion itself? Because the Commission would not have had the power to alter the biological opinion. They would have to alter it, but our cases don't say they're bound by the biological opinion. They only say they are deferred to it, but they don't have to. In fact, the agency said that they had done an independent review. It's not just that the agency's position wasn't we're bound. Am I wrong? The agency said we did an independent review, and we like it, whatever that means. And we like it is not the words they use, but you know it. Correct. Yes, the Commission deferred to the service. But they also said they did an independent review. Yes, but specifically with respect to our challenge to the biological opinion, which is that the no jeopardy finding does not rationally flow from the facts, from the effects of the action and the assessment of the environmental baseline. In that respect, the Commission also said that we would be undermining the consulting agency's expertise were we to second-guess the no jeopardy findings. Right, but you could ask that that be reconsidered, and that's what you're asking here, actually, that we consider that. Correct. Yeah, the question is, as a matter of form, should we have, again, on the application of rehearing, annexed our arguments and issues laid out in the petition for review that was already pending, put a statement of issues heading on it, and asked the Commission to undertake that review. Jurisdictional questions are more than a matter of form, aren't they? I mean, I think at least what I'm concerned with is whether we have the authority to consider arguments now that were not first placed before the Commission. That's correct. And the statute says we don't, right? I agree it's not a matter of form. What my suggestion was is that the question of our having waived the urging the issue on the Commission may be a matter of form. The statute requires that we urge our objections on the Commission, but there's also a provision in the statute that says, unless there is reasonable grounds for a failure to do so. And so even if you hold us to the And so what would be the reasonable grounds here? All, number one, the Commission could not change the biological opinion, and this is really a challenge to the service's final agency action. How about the Commission knew the litigation was going on? And that is another, that's the other ground, reasonable ground. Do you have any cases that stand for that latter proposition? No. Well, to the extent the Save the Sebasticoke case discusses the reasonable grounds provision, but no. Part of this was an unprecedented biological opinion in the first place, and by that I mean never before to our knowledge has the service engaged in its responsibilities under the Act to issue a biological opinion as final agency action, but in doing so has essentially said we will issue an interim biological opinion. Nowhere in the statute does it say that the service can say, this is what we, I'm paraphrasing, this is what we kind of think about Jeopardy right now, but let's wait and see for seven years. Let's let you design and construct fish installations, which we're uncertain about in terms of performance standards, which there's no analysis of the existing baseline condition that will continue, the impoundments. I'm going to ask you all a little bit getting into the merits. I have sympathy for the argument that the agency knew about what your argument was, but it just feels like that's foreclosed by our Indiana Utility Regulatory Commission case. It says it matters not what the commission knew or should have known at the time. We're limited to the four corners of the request for rehearing. Again, I would suggest that the statutory language of Section 825 LB, which contains the reasonable grounds exception, and also the statute requires only that our objections be urged on the commission, and the purpose for that is so that the- I get the whole argument, but that was exactly what was debated in that Indiana Regulatory Commission case, and we are bound, this panel is bound by that decision. So is there a distinction? This is exactly the question urged before the commission is quoted in the hearing, but the answer, according to the court, is it has to be set forth specifically. References to another case are not good enough unless the actual argument is made, and that it doesn't matter what the agency knew or didn't know, whether it knew that this was an issue or not. Again, we would suggest that there would be, where you have already clearly urged the objections on the commission, there's no dispute that the commission knew of those objections, and the objections were annexed to the original objection, and you have a pending petition for review also. The other issue here is this court has also been clear that one cannot ask the agency to reconsider agency action while there is a pending district court or pending judicial review action. And so given those, that was another reason in our thinking that we need to at least let the commission know in our application for a hearing that we are challenging the biological opinion. We referenced the challenge that we had made and annexed it to it. And... I'm going to let you go on this. You better go on, too. The one other point, about two months ago, this court decided on July 6, 2018, American Rivers, Alabama Rivers Alliance. The holdings in that case on the merits are holdings into which this case fits neatly because the error that the service undertook in the biological opinion is quite similar. Yes, Alabama Power was a relicensing, a full relicensing decision. This was a modification to the license, but the license is still to operate. Can I just ask for future, if you come across a case that you, we have a procedure called Rule 28J to provide to court in advance, and, of course, the other side. That's what this would be, right? Yes, that's what this would be. It was a case decided after the final briefs were submitted. Further questions from the panel? Thank you. Good morning. May it please the Court, Elizabeth Rylander for the Commission. The Court seems to well understand the Commission's jurisdictional argument here, which is that the only two issues raised for consideration were improper deference and whether the interim plan conflicts with the Kennebec Agreement. The remaining substantive issues that the Petitioner here brings up were not properly preserved in the request for rehearing. And as Your Honors have mentioned previously, this Court's prior case in Indiana prevents the Petitioners from incorporating a document by reference and relying on it in a request for rehearing, and also indicates that it doesn't make a difference if the Commission knew or should have known what the Petitioners' arguments were. In this case, the Petitioners had indeed raised some of the arguments they cite in their earlier protests and filings to the Commission, but they didn't properly preserve them in the request for rehearing. Federal Power Act Section 313 therefore bars the jurisdiction here. And as previously referenced, the Commission actually dismissed this request for rehearing anyway for want of form. If the Court has further questions, I'm happy to take them. I'm sorry, want of form? Yes, because the request for rehearing did not comply with the Commission's rule at 18 CFR Section 385.713C, which requires specification of issues. Not one I know, but go ahead and say it again. Okay. I'm sorry, Your Honor. The Commission's rules at 18 CFR Section 385.713 require the specification of issues under a separate heading in a request for rehearing. The Commission actually dismissed the request for rehearing for not following this rule. I have an order dismissing rehearing where they actually discuss the merits of the two points you mentioned. Yes, Your Honor. The Commission did go on to discuss the merits anyway. Questions from the bench? More from you? Not required. I'm just asking. We're always happy to take the time back. No, it's not necessary. I didn't hear you. All right. We'll let you sit down. Thank you, Your Honor. We'll rest on her brief. Just so I'm clear, if the reasons for rehearing in Part 5 had added one sentence that said the Commission should address the objections we raised in the district court domain, would that have been enough? I presume, Your Honor, that you're asking about whether the request for rehearing had stated something like that. No, Your Honor. I would say it would not have been enough that both Federal Power Act Section 313 and the Commission's own rules require that the issues be specified. So, therefore, it should have cut and pasted its district court memorandum? That might have been sufficient, Your Honor, yes. Might have been? Well, the Commission didn't have the opportunity to pass upon that. I'm trying to understand how we're reading this rule, much like the statute. The Commission's procedural rule, Your Honor? In other words, this is a little different, where you have this ongoing litigation. I just want to know what specifically happened as the attorney representing the Commission. I would say, Your Honor, that it's not different, that there was this ongoing litigation. And, again, that refers back to this court's case in Indiana. So the Commission would want that sentence that I referred to would not be enough? No, Your Honor. I would say it's not enough. The Commission's rules require that the issues be specified under a separate heading. Well, I specified them because I said, here they are. So had they, Your Honor? No incorporation by reference? No, Your Honor. No incorporation by reference. That would require that the Commission look to the underlying document, which in this case was a protest. No addendum? I would say no, Your Honor. In this case. It's unclear. Okay. Okay, thank you. Thank you, Your Honor. Is there time left? Oh, there's another party. Sorry. I apologize. This is the Department of Commerce, is that right? Good morning. It's Kevin McCardle for the Department of Commerce National Marine Fisheries Service, and may it please the Court. The Fisheries Service has intervened in this action to defend the merits of its biological opinion.  Are there any specific components of the biological opinion that the Court would like me to address? Apparently not. Thank you. Okay, then we'll rest on our brief. Thank you. Time remaining? Thirty seconds. I'll give you two minutes. Thank you. The other side has been kind enough. Thank you, Your Honor. Again, I go to the reasonable grounds clause in the statute. This is important. The biological opinion was issued in July of 2013 and submitted on the commission record. The main environmental groups and others specifically filed all of these challenges in July of 2014 on the commission record before the order was issued, explaining these are the fatal flaws in the biological opinion. Nothing happened for a year on the commission's record. We needed to challenge these no-jeopardy findings, so it was then by July of 2015, which on the authority, again, of Dow AgroSciences, suggested that there may be a right under these circumstances because we're challenging the final agency action of the service to commence a direct petition in the district court. Two months later, in September of 2015, was when we filed our objections again on the commission record. Two, any incorporation of this biological opinion in an order to modify licenses, and that's where we annexed our judicial review petition. The commission's response to that was not to respond. As a matter of, it is a matter of form. If we had refiled again in our application for rehearing, annexed the same set of arguments, put a statement of issues heading on it, realistically, the commission would have done nothing. The commission would not have the purpose of urging the objections on the commission is so that the commission can change its own errors. Yes, yes, but the theory behind it is that if the commission can correct its own errors, you may obviate the need for judicial review, or if it refuses to correct its own errors, it may assist the judicial review. That's correct. Correct, and again, the reasonable grounds for failure to do so, provision, I think, just as a matter of statutory interpretation, would counsel against a strict... I hear you, but how do you reconcile that with the language Chief Judge Garland read from the Indiana regulatory case? I mean, when you and I spoke before, I said, so what were the reasonable grounds, and one of them was that because of the Maine litigation, the commission knew, they knew. The language from the case Chief Judge Garland read seemed to address that. Well, but it doesn't address a situation where the commission would not have had the regulatory power to correct its own error, and that issue, as under the reasonable grounds of exception, has not come up, save our Sebasticoke makes it clear that the point of that reasonable grounds provision is to make sure that if the commission is alerted to the objection and has a chance to correct its own errors... Your point is they couldn't have done anything there. Correct. So I'm reading Sebasticoke now, and it specifically rejects the argument of futility. That is, it rejects the argument that just because you know the agency is going to continue to rule with the way it's done, you still have to do it, right? You still have to present it in the petition for reconsideration. But I think, correct, save our Sebasticoke, I thought had also set up an extraordinary circumstances type analysis. No, that's quite correct, and there's two, they give only two examples. One is where the agency acknowledges that its action was unlawful, which you don't have any confession of error here. And secondly, where the petitioner had twice presented its objections and intervening, there was a decision by this court that found the commission's action was illegal, which we don't have here. Correct. We are urging a third. When the commission would not have the regulatory power to correct the errors. That's Wisconsin Power and Light, right? Is that the Wisconsin Power and Light case? Well, the biological opinion is the final agency action of the service as the consulting agency. I'm sorry, I was referring to your earlier point about if the commission had no power to change the BIOC, then the reasoning of Wisconsin Power and Light. Right, that would be reasonable grounds under Section 825 LB, especially when those challenges have been submitted to the commission. But it's clear that, from our own opinions, that the commission is not required to follow the BIOC. So if the commission thinks the BIOC is nutty, then it wouldn't defer. If the commission thinks the BIOC is wrong, it doesn't have to defer. This isn't an automatic, because there's a BIOC, it must do what the other agency says, right? That's true. That's true. That's true. If the BIOC has a jeopardy finding, Bennett v. Speer, the commission acts out its peril to ignore that jeopardy finding. Peril means somebody on the other side comes up here and argues instead of you from the other side. This was a no jeopardy finding, so yes, the commission could have... Again, the commission has said we're not going to undermine the authority of the consulting agency. Didn't the government weigh in on this jurisdictional issue that we're wrestling with right now in the First Circuit? Am I remembering that correctly? Yes, the jurisdictional issue in the First Circuit was the service had provided an assurance, in essence, to the First Circuit that we would not be... Right. The courthouse doors would not be slammed on us. It's specific reference to here, right? Exactly, right. Thank you.
judges: Garland, Rogers, Griffith